UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X          14-CV-7155 (SAS)

DEBRA BURSET
AND PAULINO TZUL,

                              Plaintiffs,          VERIFIED
                                                   COMPLAINT
         -against-                                 AND DEMAND FOR
                                                   A JURY TRIAL


THE CITY OF NEW YORK, N.Y.C.
P.O. JEFFREY MUTIS and N.Y.C.
P.O. TIMOTHY CANNIFF, EACH
SUED INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY,

                              Defendants.

--------------------------------------------------------X

         1.   This is an action for compensatory and punitive damages for violation of Plaintiff's

civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the

United States and for unlawful imprisonment, harassment, intentional infliction of emotional

distress, negligence and negligent hiring and/or retention of incompetent, unqualified, unfit and

assaultive employees, by reason of the unlawful acts of defendants.

                                   JURISDICTION

         2.   This action is brought pursuant to 42 U.S.C. § 1983.  Jurisdiction is founded upon 28

U.S.C. § 1343.  Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide

claims arising under state law pursuant to 28 U.S.C. § 1367.  Venue is proper in this district

under 28 U.S.C. § 1391(b) in that all claims arose in this district.


                                     PARTIES

         3.   Plaintiffs are a married couple who reside in New York City, Bronx County, State of
New York.

         4.   At all times hereinafter mentioned, the Defendant New York City Police officers were

employees of the defendants and were acting within the scope and authority of their employment.  They are sued individually and in their official capacities as New York City Police Officers.

5.  At all times, the defendant New York City owned and maintained the New York City Police Department ("NYPD") and employed the individual defendants sued herein.

6.  That upon information and belief NYPD was responsible for the training of its officers.

7.  That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the police department.

8.  That at all times mentioned herein the defendant, City of New York knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights and intentional infliction of emotional distress of the plaintiff.


## FACTS

9.      On or about September 18, 2011, at approximately 4:00 A.M., plaintiffs were in the vicinity of Webster Avenue and E.180th Street, Bronx, New York, when they were unjustifiably arrested and assaulted by the defendant police officers.

10.     Moments prior to this incident, plaintiffs had been at the Las Tapas Lounge and Bar drinking a few beers.

11.     For no apparent reason, plaintiffs were ordered to leave by some bouncers and they were roughly escorted out of the bar.

12.     Upon exiting the bar, plaintiffs saw Police Officer Mutis and complained to him about their mistreatment.

13.     Officer Mutis told them they should bring any claim against the bar or its employees in civil court.

14.     Plaintiff Burset objected to Officer Mutis that he was unfairly ignoring their complaint.

15.     Officer Mutis responded by telling Ms. Burset to leave the area and he proceeded to kick her in the rear end.

16.     Plaintiff Tzul got angry when he saw Officer Mutis kick his wife and he yelled at the officer.

17.     At that point Officer Mutis punched Paulino Tzul in the face, knocking him to the ground, and called for backup.

18.     Officer Mutis and Officer Canniff forcibly arrested both plaintiffs, although they were not resisting.

19.     Plaintiffs each suffered injuries requiring medical attention.

20.     Plaintiffs were falsely charged with resisting arrest, disorderly conduct and harassment.

21.     Plaintiffs each spent approximately 24 hours in custody before being released at arraignment by the criminal court judge.

22.     After almost three years of being prosecuted for these charges, on May 21, 2014, the People agreed to dismiss all charges against plaintiffs after the People were confronted with a Brady violation which prejudiced the defendants' right to a fair trial. The violation involved the prosecutor's office failure to turn over the name of an exculpatory witness in a timely manner.

23.     As a result of this assault and battery, and violation of their civil rights, plaintiffs suffered various  physical and psychological injuries.

24.  Defendant City has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including plaintiffs, in its procedures for supervising and removing, when appropriate, unstable and violent  officers from their duties, including but not limited to the fact that the defendants knew or should have known of the individual Defendant's tendencies to use unlawful physical force, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

25.   Defendants knew or should have known that prior to this date, the perpetration of unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of the individual defendants was occurring, in that there may have been  reports of such unlawful conduct by this specific officer, but failed to take appropriate steps to eliminate such unlawful acts.

26.   Defendant, among other deficiencies, failed to institute a bona fide procedure in which defendant investigated the unlawful acts of the individual defendants or properly investigated reports of their alleged misconduct.

## CONDITIONS PRECEDENT

27.   On June 2, 2014, a Notice of Claim was served as to each plaintiff upon the Defendant New York City, setting forth:

    1.    The name and post office address of the Claimant and his attorney;

    2.    The nature of the claim;

    3.    The time when, the place where, and the manner in which the claim arose;

    4.    The items of damages and injuries sustained so far as practicable.

28.   The Notices of Claim were served upon the Defendants within 90 days after Plaintiffs' cause of action for malicious prosecution accrued.

29.   More than thirty days have elapsed since the Notices of Claims were served upon the City of New York.

30.   New York City and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

31.   On July 21, 2014, plaintiffs were scheduled to submit to an inquiry concerning the justness of their claims as provided by § 50-H of the General Municipal Law.

32.   The undersigned requested and was granted an adjournment of said hearings on July 18th, but the Comptroller's Office apparently chose not to reschedule the hearings.

33.   This action has been commenced within one year and 90 days after Plaintiffs'

cause of action has accrued.

34.    Plaintiff has duly complied with all of the conditions precedent to the commencement of this cause of action.

## AS AND FOR A FIRST
## CAUSE OF ACTION FOR FALSE ARREST

35. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

36.  As a result of their actions, Defendants, under "Color of law", deprived plaintiffs of their right to freedom from deprivation of their liberty in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. sec. 1983.

37.  Defendants subjected plaintiffs to these deprivations either maliciously or by acting with a reckless disregard for whether plaintiffs' rights would be violated by their actions.

38.  As a direct and proximate result of the acts of defendants, plaintiff suffered physical and psychological injuries, and endured great pain and mental suffering.

## AS AND FOR A SECOND CAUSE OF ACTION FOR EXCESSIVE FORCE

39.    Plaintiffs reiterate and reallege the facts stated in the above paragraphs as if stated fully herein.

40.    As a result of their actions, defendants, acting under "color of law", deprived plaintiffs of their right to freedom from the use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

41.  Defendants subjected plaintiff to these deprivations of these rights either maliciously or by acting with a reckless disregard for whether plaintiffs' rights would be violated by their actions.

42.    These Defendant officers either actively participated in the excessive force or were present and improperly failed to intervene to prevent other officers from using excessive

force although they were in a position to do so.

43. As a result of the aforesaid occurrence, plaintiffs suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS

44. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

45. Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' rights to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

46. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above. Thus, Defendant City is liable for Plaintiffs injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR
## VIOLATION OF STATE LAW: MALICIOUS PROSECUTION

47. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

48. Plaintiffs while lawfully in Bronx, New York, were maliciously prosecuted without just cause, provocation, probable cause, or any valid reason, by agents, servants and/or employees.

49.     All criminal charges were dismissed on May 21, 2014.

50.     These Defendant were employed by the Defendants City, and was acting within the scope of their employment, "under color of law", and on behalf of their employers, Defendant City.

51.  As a result of the aforesaid occurrence, plaintiffs were caused to and did suffer the damages and injuries aforesaid.  All Defendants are liable for said damage and injuries.


PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1.  Enter a judgment that defendants, by their actions, violated Plaintiff's rights under state law, and violated Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, 42 USC § 1983 and 42 USC § 1985, and violated plaintiffs' rights under State law; and,

2.   Enter a judgment, jointly and severally, against defendant police officers for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3.  Enter a judgment, jointly and severally against Defendant police officers for punitive damages in the amount of Three Million ($3,000,000.00) Dollars; and,

4.  Enter an Order:

        a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

        b) Granting such other and further relief which to the Court seems just and proper.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury.


Dated:  New York, New York
        September 4, 2014

                              **RESPECTFULLY,**



                              **STEVEN A. HOFFNER, ESQ.**
                              Attorney for the Plaintiff
                              325 Broadway, Suite 505
                              New York, New York 10007
                              (212) 941-8330
                              (SH-0585)

8

<u>VERIFICATION</u>

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the

State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to

be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not

reside in the county wherein affirmant maintains his office.


That the grounds of my belief as to all matters not stated upon my own knowledge are as

follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of

perjury.

Dated: New York, New York
        September 5, 2014


                                    _____
                                    STEVEN A. HOFFNER, Esq.
                                    (SH-0585)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

DEBRA BURSET
AND PAULINO TZUL,

                          Plaintiffs,               VERIFIED
                                                    COMPLAINT
          -against-                                 AND DEMAND FOR
                                                    A JURY TRIAL

THE CITY OF NEW YORK, N.Y.C.
P.O. JEFFREY MUTIS and N.Y.C.
P.O. TIMOTHY CANNIFF, EACH
SUED INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY,

                          Defendants.

------------------------------------------------------X


Steven Hoffner, Esq.
325 Broadway, Suite 505
New York, New York 10007